## VIONET *v.* THE FIRST MUNICIPALITY.

The power to relieve the indigent sick, especially in times of epidemic disease, and to provide for the poor who are unable to labor, is inherent in every municipal corporation.

The power to relieve the indigent sick, and to provide for the poor who are unable to labor, is is conferred on the municipal authorities of New Orleans, by stats. of 14 March, 1816, s. 1, and 17 February, 1821, s. 2.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Foulhouze*, for the appellant, contended that the power to employ physicians was conferred on the authorities of the city of New Orleans by the stats. of 14 March, 1816, s. 1, and 17 February, 1821, s. 2. The power is inherent in every municipal corporation. Merlin, Jurisp., vol. 36, p. 207. 2 Kent's Comm. pp. 296—7. *Milne* v. *Davidson*, 5 Mart. N. S., 409. *Preaux*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who is a practising physician, sues the First Municipality for the sum of $550, for professional services rendered the indigent sick of the Fifth District of the municipality, during the epidemic of 1847.

The council passed an ordinance, on the 9th of August of that year, authorizing the aldermen of each district, to select for their respective districts, two physicians and two apothecaries, who were to give aid and provide medicines for the indigent sick during the prevalence of the epidemic. This ordinance was afterwards repealed, the repeal to take effect from the 1st Nov. then next ensuing.

The plaintiff was selected by the aldermen of the district under this resolution, and performed his duty in attending to the sick. The council, by a resolution, allowed to each of the physicians thus employed the sum of $200 as compensation for their services, which they accepted, with the exception of the plaintiff. The district judge gave the plaintiff judgment for this sum only, and he has appealed.

The district judge was satisfied from the evidence that the plaintiff was entitled for his services to a larger sum than that given by the judgment, but was not satisfied that the government of the municipality had the power to authorize the employment of the plaintiff, or to appropriate the corporate funds to the payment of his claims.

The statutes referred to by the counsel for the plaintiff we think give full power to the mayor and council of the municipalities to relieve the indigent sick. It is a constituent power, we believe, of municipal corporations to provide for the poor who are unable to labor, and, during the prevalence of an epidemic, there is none the exercise of which is more imperative than that of furnishing medical assistance to those who are unable to procure it themselves.

The provision of hospitals for the indigent sick is within the police power of cities. The power has been exercised by the former corporation of New Orleans, and we believe is admited by all writers of authority to be an essential part of municipal government. 1 Blackstone Com. 131, 360. Droit Public de Domat, lib. 1, tit. 16, sec. 1, s. 6.

The mode of assistance adopted by the council, of taking care of the indigent sick where they are found, is certainly not less legal than congregating them in hospitals.

Finding nothing in the employment of the plaintiff for his professional services to which any legal objection exists, the question before us is as to the amount due him. It would be unjust to graduate the compensation due to the plaintiff by the allowance to the other physicians, unless it were ascertained that the allowance was adequate to the services rendered. That it was is disproved by the testimony of a respectable medical gentleman. Besides the difference of the extent and population of the districts, and the condition of the streets in the suburban parts, make a great difference in the time and labor required from a physician attending the sick.

The plaintiff was employed without any contract or understanding as to his compensation. He is entitled to recover from the defendant what his services are proved to have been worth. The evidence shows they were worth the sum of $550.

The judgment of the District Court is therefore reversed, and judgment rendered for the plaintiff against the defendants, for $550, with interest from judicial demand, and costs of suit in both courts.